**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES ROBINS,<br>a/k/a Ha'im Al Matin Sharif,<br><br>   Petitioner,<br><br>vs.<br><br>JAMES "GREG" COX, *et al.*,<br><br>   Respondents. | 2:99-cv-0412-LRH-PAL<br><br>**ORDER** |

   In this capital habeas corpus action, there are, pending, two motions for extension of time, filed by Patricia Erickson, the court-appointed counsel for the petitioner, Charles Robins (docket #200, #201). In those motions, counsel requests extension of the time to file Robins' reply to the respondents' answer. The court has, for some time, expressed disapproval of counsel's delay in filing the reply. The delay can no longer be tolerated. The court will deny the motions for extension of time, and will discharge Erickson from her representation of Robins. New counsel will be appointed. The court will direct the Clerk of the Court to refer this matter to the State Bar of Nevada for consideration whether disciplinary action is warranted.

   Robins filed his third amended habeas corpus petition (docket #133) on September 22, 2009. The respondents filed an answer on January 28, 2011 (docket #187). Robins' reply was then due on March 17, 2011. *See* Scheduling Order entered July 7, 2009 (docket #130). Under the scheduling

order in effect in the case, any motion for leave to conduct discovery and any motion for evidentiary hearing are due on the same date that the reply is due. *See id.*

On April 7, 2011, the court granted Robins a 60-day extension of time, to May 16, 2011, to file the reply (docket #190). In her request for that extension of time, petitioner's counsel, Patricia M. Erickson, stated that she was "ill and out of her office for more than twelve (12) work days between February 1, 2011 and March 16, 2011." Motion for First Extension of Time (docket #189), p. 2. Ms. Erickson also stated that she had been especially busy with another case. *Id*. When the court granted the extension of time, the court stated: "[G]iven the amount of time granted to petitioner to file the reply and the related motions, the court will not look favorably upon any request for further extension of this deadline." Minute Order entered April 7, 2011, p. 2.

Robins did not file a reply, or anything else, by the May 16 deadline. On May 17, 2011, Robins filed a motion for extension of time (docket #191), requesting another extension of time, to July 18, 2011. In that motion, counsel stated that she was unable to file a timely motion for extension of time "due to the fact that she was required to leave her office early, on that date, due to the onset of a migraine headache." Motion for Second Extension of Time (docket #191), pp. 1-2, 5. Counsel stated, further, that preparing the reply is a big project, because of the length of respondents' answer, because of the size of the record, and because this is the first time the merits of petitioner's claims have been briefed. *Id*. at 2-3, 5-6. In ruling on the motion, the court pointed out that only eight grounds of the third amended petition remain to be resolved, and those were originally asserted seven years ago, in a first amended petition. The court found that counsel has had more than enough time to examine the relevant portions of the record, and master the legal bases for those eight claims. Counsel also stated, in the motion for a second extension of time, that there are new Supreme Court cases bearing on the remaining claims. The court found this not surprising, in a twelve year old case, and the court stated that it did not see this as good cause for a second extension of time. However, in the interest of justice, and in the interest of seeing the remaining claims in the action turn on their merits, and not on counsel's failure to file a timely reply, the court granted a 45-

day extension of time, to June 30, 2011, for the reply.  The court ordered that there would be no further extension of this deadline.

Still, on June 27, 2011, Robins' counsel filed yet another motion for extension of time (docket #193), this time requesting a seven-day extension of time to file the reply.  In that motion, counsel stated:

> Between June 5, 2011 and June 27, 2011, counsel for Mr. ROBINS has been out of her office, unable to complete any research and writing, for a total of nine (9) work days and three weekend days due to a bacterial stomach illness.  The illness has caused uncontrollable vomiting and other side effects which caused counsel to remain in bed during the times that she was away from her office. The symptoms of the illness have finally begun to abate ....

Motion for Extension of Time (docket #193), pp. 1-2.  The court found that there was not good cause for a further extension of time, but "in the interest of justice, and ... in the interest of seeing the remaining claims in the action turn on their merits and not on counsel's difficulty filing a timely reply," the court granted the one-week extension of time, to July 7, 2011.  Minute Order entered June 28, 2011 (docket #194).  The court stated that it would not look favorably upon any further motion to extend this deadline.  *Id*.

Counsel filed nothing by the July 7 deadline.  On July 8, 2011, counsel filed yet another motion for extension of time (docket #195), requesting another further five-days, to July 12, 2011, to file Robins' reply.  The court found there to be no showing of good cause for a fourth extension of time, and the court found there to be no showing of excusable neglect with respect to the late filing of the motion for extension of time.  *See* Minute Order entered July 13, 2011 (docket #196); *see also* LR 6-1(b).  The court stated that the delay in this case had "reached the point of absurdity," and the court stated that it "does not countenance such delay, and will not tolerate it."  *See* Minute Order entered July 13, 2011.  Nevertheless, "in view of the gravity of this case, and in the interest of justice," the court granted counsel yet another extension of time, to July 18, 2011.  *Id*.  The court again stated that "[a]ny further attempt by petitioner's counsel to extend this deadline will be disfavored."  *Id*.

1  July 18 passed without any filing by counsel on behalf of Robins.  Furthermore, nothing was
2  filed in the two weeks after the July 18 deadline.  Therefore, on August 3, 2011, the court set a status
3  conference for August 10, 2011, to hear from counsel regarding this matter.  Minute Order entered
4  August 3, 2011 (docket #197).
5  At the hearing on August 10, counsel stated that she is a sole practitioner, and she has had
6  difficulties in her practice, and she pleaded for more time to file the reply.  Counsel asked the court
7  to grant her an extension to Monday, August 15, 2011, for the reply.  *See* Minutes of Proceedings of
8  August 10, 2011 (docket #198).  Again in the interest of justice, the court granted counsel an
9  extension of time – substantially longer than requested, in fact – until August 31, 2011.  *Id*.  The
10 court emphasized that counsel must meet this deadline, and counsel reassured the court that she
11 would do so.
12 On August 31, 2011, counsel filed what are purported to be exhibits in support of Robins'
13 reply (docket #199), but counsel did not file the reply itself.  On September 1, 2011, counsel filed
14 another motion for extension of time (docket #200).  Counsel attached to that motion, as an exhibit,
15 a copy of some 24 pages of what appears to be a draft of the reply.  Motion for Fifth Extension of
16 Time (docket #200).  In that motion, counsel requested a three-day extension of time, which would
17 have moved the due date to September 3.  *Id*.  September 3 was the Saturday of the Labor Day
18 weekend, so, in effect, the extension would have been for six days to Tuesday, September 6.  That
19 motion remains pending.
20 Counsel did not file the reply by September 6.  Rather, on September 7, 2011, counsel filed
21 yet another motion for an extension of time (her sixth) (docket #201).  Counsel stated in that motion:
22 > While counsel believes that she will be able to finalize the redrafting of the responses
23 > to Claims 7 and 8 by late this evening, out of an abundance of caution, and
> recognizing the patience this Court has had with counsel, she is requesting until
> September 9, 2011 within which to file the above noted pleadings.
24
25 Motion for Sixth Extension of Time (docket #201), p. 2.  That was three weeks ago.  Counsel has
26 filed nothing since then.

4

1   In the two pending motions for extension of time, counsel states: that since that August 10
2   hearing she has been "diligently engaged" in drafting the reply; that she "attended the 16th Annual
3   National Federal Habeas Corpus Seminar in Charlotte, North Carolina between August 18, 2011 and
4   August 21, 2011 solely because of Mr. Robins' case and counsel['s] desire to provide this Honorable
5   Court with the most well plead Response and Motion for Evidentiary Hearing that she can
6   prepare;" that "her assistant had to travel to out of the United States to Jordan due to his elderly
7   mother's illness, and counsel has to complete the extremely time consuming task of preparing the
8   table of authorities, table of contents, formatting and filing of all the documents by herself;" that
9   "given what ... counsel had learned at the federal habeas corpus seminar that she attended, counsel
10  determined she needed to re-review the United States Supreme Court cases which are the clearly
11  established federal law relevant to [Grounds 7 and 8 of Robins' third amended habeas petition];" and
12  that after her review and analysis of those cases, "counsel was required to completely rewrite those
13  two claims which also required counsel to again review the state record." Motion for Extension of
14  Time filed September 1, 2011 (docket #200); Motion for Extension of Time filed September 7, 2011
15  (docket #201). At this point, counsel's attempts to justify her delay in filing the reply are not
16  compelling. The court finds that there is not good cause to further extend the due date for the reply.
17  The court cannot further tolerate counsel's inability to timely file Robins' reply, or her
18  repeated failures to live up to her own assurances regarding the timing of that filing. The court will
19  deny counsel's two pending motions, for a fifth and sixth extension of time. The court will
20  discharge Erickson from her representation of Robins, and will appoint new counsel to represent
21  him.
22  **IT IS THEREFORE ORDERED THAT** petitioner's two pending motions for extensions
23  of time (docket #200 and #201) are **DENIED**.
24  **IT IS FURTHER ORDERED** that Patricia Erickson is discharged from her representation
25  of the petitioner, Charles Robins.
26  ///

5

**IT IS FURTHER ORDERED** that the briefing of the third amended petition in this action is suspended. After the court appoints new counsel for the petitioner, the court will set a schedule for further briefing of the third amended petition, and other further proceedings.

**IT IS FURTHER ORDERED** that Patricia Erickson shall cooperate fully with successor counsel and in providing all files and records relevant to the underlying habeas corpus petition in this action.

Dated this 29th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE