# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARLES ROBINS,
a/k/a Ha'im Al Matin Sharif,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

2:99-cv-0412-LRH-PAL

**ORDER**

In this capital habeas corpus action, there is, before the court, a fully-briefed motion for leave to conduct discovery, filed by the petitioner, Charles Robins. The court will deny that motion, without prejudice to Robins seeking the same discovery at a later, more appropriate time, if warranted. The court also will vacate the status conference currently set for May 2, 2013, and will vacate the deadline for Robins to file a reply to respondents' answer. The court will leave in place the May 28, 2013, deadline with respect to any motion by Robins to file a fourth amended habeas petition as well as any motion by Robins for a stay of this action.

Appointed counsel, Patricia Erickson, represented the petitioner, Charles Robins, until September 29, 2011. *See* Order entered September 29, 2011 (ECF No. 204). The Federal Public Defender for the District of Nevada (Nevada FPD) was then, on October 5, 2011, appointed to represent Robins. *See* Order entered October 5, 2011 (ECF No. 205). However, on July 18, 2012, the Nevada FPD was discharged, and the Federal Public Defender for the District of Arizona (Arizona FPD) was appointed to represent Robins. *See* Order entered July 18, 2012 (ECF No. 221).

1  This action was stayed from March 14, 2005, to June 23, 2009, pending completion of
2  Robins' state-court habeas litigation. *See* Order entered March 15, 2005 (ECF No. 106); Order
3  entered June 23, 2009 (ECF No. 126). After the stay was lifted, on September 22, 2009, while
4  Robins was still represented by Erickson, Robins filed a third amended habeas petition (ECF No.
5  133). The respondents responded with a motion to dismiss (ECF No. 143), which was granted in
6  part and denied in part, on August 11, 2010 (ECF No. 180). On January 28, 2011, respondents filed
7  an answer (ECF No. 187), responding further to Robins' remaining claims.

8  When Erickson was discharged from her representation of counsel, on September 29, 2011,
9  the court was waiting for Robins' reply to respondents' answer. The filing of that reply has been
10 delayed, of course, by the replacement – twice – of Robins' counsel. The reply is now due on
11 May 28, 2013.

12 Robins' current counsel, the Arizona FPD, took over Robins' representation on
13 July 18, 2012. The court held status conferences on August 22, 2012 (ECF No. 224), and
14 November 26, 2012 (ECF No. 230). Following the November 26, 2012, status conference,
15 the court set the May 28, 2013, due date for Robins' reply. *See* Minutes of Proceedings dated
16 November 26, 2012 (ECF No. 230). The court also ordered that Robins has until May 28, 2013, to
17 file "any request for relief under the *Martinez*, *Holland*, and *Maples* cases, including a request to
18 further amend his habeas petition or a request for a stay allowing him to return to state court." *Id*. In
19 addition, the court set January 25, 2013, as a deadline for Robins "to file a discovery request,
20 concerning any discovery connected to any request for relief under the *Martinez*, *Holland*, and
21 *Maples* cases." *Id*.

22 On January 25, 2013, Robins filed the motion for leave to conduct discovery (ECF No. 241)
23 that is now before the court. Respondents filed an opposition to that motion (ECF No. 244) on
24 February 19, 2013, and Robins replied on March 15, 2013 (ECF No. 247).

25 In his motion for leave to conduct discovery, Robins makes a request, under Rule 6 of the
26 Rules Governing Section 2254 Cases in the United States District Courts, for leave of court to take
27 the deposition of his former counsel, Patricia Erickson. According to Robins, the deposition is
28 necessary to support claims of ineffective assistance of his trial counsel that have never before been

2

1  pled, on his behalf, in state or federal court. The claims, as described by Robins in the discovery
2  motion, are that trial counsel was ineffective for not properly presenting, as mitigating factors at trial,
3  evidence of Robins' age at the time of the murder (19 years old) and evidence bearing on his mental
4  and neurological health (Robins alleges that he has long suffered from brain damage).   Robins
5  appears to acknowledge that these claims of ineffective assistance of trial counsel have not been
6  exhausted in state court and are not pled in his third amended habeas petition in this action, and also
7  appears to acknowledge that pleading such claims would raise exhaustion, procedural default, and
8  statute of limitations issues. Robins argues, however, that, under the holdings in the Supreme Court
9  cases of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Maples v. Thomas*, 132 S.Ct. 912 (2012), and
10 *Holland v. Florida*, 130 S.Ct. 2549 (2010), if he can show that his failure to raise these claims in a
11 timely manner in state court was the result of Erickson's ineffectiveness, abandonment, or
12 professional misconduct, the claims may be procedurally viable. Robins, therefore, seeks to take
13 Erickson's deposition. *See* Motion for Leave to Conduct Discovery (ECF No. 241); Reply in
14 Support of Motion for Leave to Conduct Discovery (ECF No. 247).
15     "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules
16 of Civil Procedure and may limit the extent of the discovery." Rule 6 of the Rules Governing
17 Section 2254 Cases in the United States District Courts. The Supreme Court, interpreting Rule 6 in
18 *Bracy v. Gramley*, 520 U.S. 899 (1997), held that, if the petitioner can "show reason to believe that
19 the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to
20 relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate
21 inquiry." *Bracy*, 520 U.S. at 908-09; quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969).
22     With these standards in mind, the court will deny Robins' request for leave to conduct
23 discovery at this time. Robins' request for leave to take Erickson's deposition is premature. The
24 requested discovery concerns procedural issues that have not been raised. The court recognizes that
25 the question of Erickson's performance could become an issue, and there could then, at that point, be
26 good cause for Robins to conduct this discovery; that, however, is not now the case. Robins has not
27 yet pled the claims of ineffective assistance of his trial counsel that would be the subject of the
28 proposed deposition of Erickson, and respondents have not responded to any such claims, putting at

issue Erickson's performance. The court will not grant the discovery sought here by Robins on the mere possibility that particular issues might later arise in the case.

Moreover, it appears from Robins' motion that he is investigating, and may, at some point, be able to articulate other claims that have yet to be pled in state or federal court. *See* Motion for Leave to Conduct Discovery, p. 7, lines 3-6 ("Petitioner is investigating several claims but only a portion of one of them is sufficiently developed to address here: that Petitioner's trial counsel failed to investigate and present mitigation at his sentencing."). The court will not grant Robins leave to conduct this discovery until Robins has, with his current counsel, identified all claims that he wishes to assert. Such discovery should not be done in a piecemeal fashion.

The denial of Robins' motion for leave to conduct discovery is, however, without prejudice to Robins requesting leave to conduct such discovery at an appropriate time later in the case.

The court will vacate the telephonic status conference scheduled for May 2, 2013. In their briefing of Robins' motion for leave to conduct discovery, the parties have clearly set forth their views regarding the status of the case, and the course of proceedings that they anticipate in the case. There appears to be no further need for the status conference.

The court will also vacate the deadline for Robins to file a reply to respondents' answer. In light of the parties' briefing of Robins' motion for leave to conduct discovery, the court determines that the better approach, primarily with regard to the efficient use of the resources of both the parties and the court, will be to resolve the question of further amendment of Robins' petition and any motion for stay of this action before requiring Robins to file the reply.

The court will, however, keep in place the May 28, 2013, deadline, with respect to any motion by Robins to file a fourth amended habeas petition, and with respect to any motion by Robins for a stay of this action. Robins has suggested that he intends to file both such motions. *See* Reply in Support of Motion for Leave to Conduct Discovery. If Robins does so, those motions must be filed by the May 28 deadline. Any motion to amend and motion for stay should be filed as two separate motions. Furthermore, a motion to amend must include, as an attachment, a copy of Robins' proposed fourth amended petition. *See* LR 15-1.

///

4

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Conduct Discovery (ECF No. 241) is **DENIED**.

**IT IS FURTHER ORDERED** that the telephonic status conference scheduled for May 2, 2013, is **VACATED**.

**IT IS FURTHER ORDERED** that the May 28, 2013, deadline for Robins to file a reply to respondents' answer is **VACATED**. That deadline will be reset, if necessary, at an appropriate time, after the resolution of any motion to further amend the habeas petition in this action and any motion to stay this action.

Dated this 10th day of April, 2013.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE