**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLES ROBINS,
a/k/a Ha'im Al Matin Sharif,

Petitioner,

vs.

RENEE BAKER, *et al.*,

Respondents.

2:99-cv-0412-LRH-PAL

**ORDER**

This capital habeas corpus action was stayed on November 4, 2013, pending completion of certain state-court litigation. *See* Order entered November 4, 2013 (ECF No. 288). The state-court litigation has not yet been completed. *See* Status Report filed December 16, 2013 (ECF No. 291).

On December 17, 2013, however, the petitioner, Charles Robins, filed a Motion to Temporarily Lift Stay for Supplement/Amendment to the Fourth Amended Habeas Petition (ECF No. 292) (hereafter "Motion to Temporarily Lift Stay"). Robins explains in that motion that he recently – on "the eve of filing" his latest state-court habeas petition, which was filed September 3, 2013 – discovered a new claim, specifically a "baliff/jury misconduct claim." *See* Motion to Temporarily Lift Stay (ECF No. 292), p. 2. Robins states that he included that claim in his state-court petition. *Id*. Robins requests that the stay of this action be lifted, temporarily, to allow consideration of the Motion to Temporarily Lift Stay itself, and to allow amendment of his

habeas petition to add his new claim. (Robins alternatively describes the requested amendment as "supplementation" of his petition, but that characterization appears to be inaccurate, given the nature of Robins' new claim. *See* Fed. R. Civ. P. 15(d) (regarding supplemental pleadings).). The new claim is set out, and exhibits in support of the new claim are provided, in an exhibit to the Motion to Temporarily Lift Stay. *See* Exhibit A to Motion to Temporarily Lift Stay.

On January 7, 2014, respondents filed a response to the Motion to Temporarily Lift Stay, stating that they do not oppose the motion. *See* Response to Motion to Temporarily Lift Stay (ECF No. 294). That response was due on January 3, 2014. However, with the response, respondents filed a Motion to File Late Pleading (ECF No. 293), showing excusable neglect for the late filing. The court will grant the motion for leave of court for the late filing, and allow the late response. On January 13, 2014, Robins filed a Waiver of Reply (ECF No. 296).

A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases (Federal Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. The court will grant Robins' motion, will temporarily lift the stay of this action, and will grant leave of court for the requested amendment.

Robins requests in his motion "... that he be temporarily relieved of the obligation of filing an amended habeas petition until after completing exhaustion in state court, when Petitioner can then incorporate his new claim into the Fourth Amended Petition." Motion to Temporarily Lift Stay, p. 4 n.1. The court finds this to be a reasonable request, in the interest of judicial economy and in the interest of conserving the parties' resources. The court will, in this instance, therefore, waive the requirements of Local Rule 15-1. The court will grant leave of court for the amendment requested by Robins, and the claim set forth in Exhibit A to the Motion to Temporarily Lift Stay shall be

considered added to Robins' habeas corpus petition; after the completion of his pending state-court proceedings, and if and when the stay of this action is permanently lifted, the court will require Robins to file a fifth amended habeas petition, including that new claim.

**IT IS THEREFORE HEREBY ORDERED** that respondents' Motion to File Late Pleading (ECF No. 293) is **GRANTED**. Respondents are granted leave of court for the late filing of their response to the Motion to Temporarily Lift Stay (ECF No. 292). As the response has been filed, the Clerk need take no further action in this regard.

**IT IS FURTHER ORDERED** that petitioner's Motion to Temporarily Lift Stay (ECF No. 292) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner is granted leave of court to amend his habeas corpus petition in this action to add the claim set forth in Exhibit A to the Motion to Temporarily Lift Stay (ECF No. 292). That claim shall be considered added to the habeas corpus petition in this action. However, the court will not require Robins to file a fifth amended habeas petition, including that new claim, at this time. After completion of his pending state-court proceedings, and if and when the stay of this action is permanently lifted, the court will require Robins to file a fifth amended habeas petition, including that new claim.

**IT IS FURTHER ORDERED** that, in all other respects, the stay of this action imposed on November 4, 2013, is reinstated and shall remain in effect as described in the Order entered November 4, 2013 (ECF No. 288).

DATED this 21st day of January, 2014.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE