1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    CHARLES ROBINS,
     also known as Ha'im Al Matin Sharif,              2:99-cv-00412-LRH-PAL
10
            Petitioner,
11                                                          **ORDER**
     vs.
12
     TIMOTHY FILSON, *et al.*,
13
            Respondents.
14

15   _____/

16          This capital habeas corpus action was stayed on November 5, 2013, pending the petitioner's

17   exhaustion of claims in state court.  *See* Order entered November 5, 2013 (ECF No. 288).

18   Petitioner's state-court litigation has not yet been completed.  *See* Status Report filed

19   December 15, 2016 (ECF No. 304).

20          On January 11, 2017, petitioner filed a Motion to Temporarily Lift Stay for Amendment to

21   the Fourth Amended Habeas Petition (ECF No. 305).  In that motion, petitioner requests that he be

22   granted leave of court to add to his petition a claim based on *Hurst v. Florida*, 136 S.Ct. 616 (2016).

23   Petitioner filed the proposed additional claim as an exhibit to his motion (ECF No. 305-1).

24   Respondents filed an opposition to petitioner's motion on January 23, 2017 (ECF No. 306).

25   Petitioner replied on January 30, 2017 (ECF No. 308).

26   ///

1    A petition for a writ of habeas corpus "may be amended or supplemented as provided in the

2    rules of procedure applicable to civil actions."  28 U.S.C. § 2242; *see also* Rule 12, Rules Governing

3    Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings "to the extent that

4    they are not inconsistent.").  Federal Rule of Civil Procedure 15(a) permits a party to amend a

5    pleading with the opposing party's written consent or the court's leave.  *See* Fed. R. Civ. P. 15(a)(2).

6    "The court should freely give leave when justice so requires."  *Id*.  "Courts may decline to grant

7    leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the

8    part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

9    prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment,

10   etc.'"  *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th

11   Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[T]he consideration of prejudice

12   to the opposing party carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

13   1048, 1052 (9th Cir. 2003).

14   *Hurst* was decided January 12, 2016.  Respondents do not show that petitioner's request to

15   add a claim based on *Hurst* within the following year involved undue delay, bad faith, or dilatory

16   motive, or that they would be unduly prejudiced by the addition of the claim.

17   Furthermore, while there appear to be serious questions regarding the retroactivity of *Hurst*,

18   and its application in this case, the court determines -- for purposes of the motion to temporarily lift

19   stay to amend only -- that there is no showing that addition of the *Hurst* claim would be futile.

20   "[P]roposed amendments [are futile when they] are either duplicative of existing claims or patently

21   frivolous."  *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014), quoting *Bonin v. Calderon*, 59

22   F.3d 815, 846 (9th Cir. 1995).

23   Petitioner requests that the court waive the requirements of LR 15-1, which generally

24   requires that a complete proposed amended petition be attached to a motion to amend, and that, after

25   a motion to amend is granted, the petitioner is to file the complete amended petition.  Under the

26   circumstances here, in the interest of judicial economy and in the interest of conserving the parties'

1  resources, the court will waive the requirements of Local Rule 15-1.  After the completion of his

2  pending state-court proceedings, and if and when the stay of this action is permanently lifted, the

3  court will require petitioner to file an amended habeas petition, including the new claim.

4        Nothing in this order will have any bearing on any other procedural issue in this case; nor

5  will any aspect of this order have any bearing on the court's consideration of the merits of

6  petitioner's new claim in any other context.

7        **IT IS THEREFORE HEREBY ORDERED** that petitioner's Motion to Temporarily Lift

8  Stay for Amendment to the Fourth Amended Habeas Petition (ECF No. 305) is **GRANTED**.

9        **IT IS FURTHER ORDERED** that petitioner is granted leave of court to add to his habeas

10  corpus petition in this action the claim set forth in the exhibit filed with his motion (ECF No. 305-1).

11  That claim will be considered added to the habeas corpus petition in this action.  The court will not,

12  at this time, require petitioner to file an amended habeas petition, including his new claim.  After

13  completion of his state-court proceedings, and if and when the stay of this action is permanently

14  lifted, the court will require petitioner to file an amended habeas petition including this new claim.

15        **IT IS FURTHER ORDERED** that, in all other respects, the stay of this action shall remain

16  in effect.

17

18        DATED  this 22nd day of March, 2017.

19                                                    _____
20                                                    LARRY R. HICKS
                                                     UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

3